**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NO. 2:25-cv-14261-CANNON-MAYNARD**

| | |
|---|---|
| **THE TOX FRANCHISING GROUP, LLC,** a Florida limited liability company, | ) ) ) ) |
| Plaintiff, Counter-Defendant, | ) ) |
| **THE TOX IP, LLC,** a Florida limited liability company, | ) ) ) |
| Plaintiff, | ) ) |
| **v.** | ) ) |
| **DARBY HOGGATT,** an individual; **JESSICA HOGGATT,** an individual; and **GENX HOLDINGS, LLC,** a Colorado limited liability company, | ) ) ) ) ) |
| Defendants, Counter-Plaintiffs, | ) ) |
| **v.** | ) ) |
| **FRANCHISE FASTLANE, LLC,** a Nebraska limited liability company, | ) ) ) |
| Additional Counter-Defendant, | ) ) ) ) |

**COUNTER-DEFENDANTS, THE TOX FRANCHISING GROUP, LLC'S AND FRANCHISE FASTLANE, LLC'S JOINT REPLY TO COUNTER-PLAINTIFFS' RESPONSE IN OPPOSITION TO THE COUNTER-DEFENDANTS' JOINT MOTION TO DISMSS AMENDED COUNTERCLAIM WITH PREJUDICE [D.E. 87]**

1

## ARGUMENT

Contrary to arguments and authorities in the Response, Counter-Defendants' Joint Motion to Dismiss Amended Counterclaim with Prejudice ("Motion to Dismiss") is substantiated with viable legal arguments and controlling authorities, the majority of which are ignored and not addressed (again). The Response offers nothing to salvage these defects. *Merlin Petroleum Co. v. Sarabia*, 2016 U.S. Dist. LEXIS 72626, at *3 (S.D. Fla June 3, 2016). With little else to fall back on, the Response, once again, mischaracterizes the Counter-Defendants' arguments, federal pleading standards, and the law; improperly attempts to cure defects through new allegations and legal theories not pleaded in their Amended Counterclaims; and lumps all arguments and claims together while selectively picking and choosing facts and arguments where it suits them, regardless of relevance or if they legally support their positions. This is to distract from the Amended Counterclaim being a shotgun pleading (again) and that the allegations do not plead viable claims.

Counter-Plaintiff's arguments that their pleadings adequately state claims satisfying particularity fail, and their analysis as to *Durham* and *Seville* differ from, and is inapplicable to, the instant case. *See Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988); *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F. 2d 786, 791 (3rd Cir. 1984). Simply put, the Response, while wordy, lacks substance and dismissal is appropriate. Counter-Plaintiffs still cannot overcome glaring pleading defects, despite their headings, titles, screenshots, and conclusory allegations that Counter-Defendants are on "sufficient notice" of their claims to move past the pleading stage. At bottom, Counter-Plaintiffs have failed to satisfy their burden, and the Amended Counterclaims must be dismissed with prejudice.

## I.   COUNTER-PLAINTIFFS CONCEDE DISMISSAL (AGAIN)

The Response ignores, or misdirects without a substantive response, several arguments

2

warranting dismissal pertaining to, among other things: (a) satisfying the elements of their claims; (b) the rationale for why the Amended Counterclaim is a shotgun pleading; (c) and the fact that their own allegations are contradicted by exhibits and documents upon which they rely. Accordingly, those arguments are deemed conceded, warranting dismissal. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014).

## II.     THE AMENDED COUNTERCLAIM IS A SHOTGUN PLEADING (AGAIN)

The Amended Counterclaim is clearly a shotgun pleading, and Counter-Plaintiffs' contentions that they don't understand arguments raised or don't know which of their allegations are referred to (despite detailed citations and arguments) is unavailing. [*See* D.E. 78 at p. 4]. The Response also misconstrues arguments regarding the separate litigation involving FFL [*See* D.E. 87 at p. 5]. While claiming that they refer to the irrelevant separate litigation for jurisdictional purposes; in actuality, the Amended Counterclaim references it to adopt FFL's arguments concerning shotgun pleadings in that litigation. [*See* D.E. 75 at ¶ 117]. They use arguments raised in that litigation to argue the Amended Counterclaim is not a shotgun pleading. The Motion to Dismiss simply points out the separate litigation is based on different facts (not involving fraud) and does nothing to show that the Amended Counterclaim is properly plead.

Lastly, the Response fails to address how their irrelevant allegations apply to their claims and does not specify which Counter-Defendant is responsible for which act, omission, or statement. Instead, they now improperly argue Counter-Defendants were "partnered in a conspiracy" to try and make each entity liable for the other's alleged acts and/or statements, despite no supporting facts. [*See* D.E. 87, p. 11-12]; s*ee also Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). In fact, the allegations relied on in Pages 11- 12 of the Response highlight this deficiency, demonstrating they were not made by both entities. [*Cf.* D.E.

75, ¶¶ 19, 21, 20-25, 27, 33-36, 38-43,55, 56]. Therefore, the Amended Counterclaim is a shotgun pleading, and since they failed to comply with this Court's Order Dismissing the Original Counterclaim [D.E. 73], it must be dismissed with prejudice.

## III.   COUNT I HAS NOT BEEN ADEQUATELY PLEADED (AGAIN)

The Response ignores that Count I improperly commingles the allegations against The Tox and FFL to reach "guilt by association;" and fails to assert specific facts against The Tox that actually support their allegations; and generically recites the elements of a fraud claim, which violate Rule (9)(b) and federal pleading standards. *See Sovereign Bonds Exch. LLC v. Fed. Republic of Germany*, 899 F. Supp. 2d 1304, 1316 (S.D. Fla. 2010) (internal citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Response also ignores established federal law which permits the Court to consider the FDD at the FRCP 12(b) stage, which directly refutes their fraud allegations, and is not a "fact based" analysis that cannot be considered here. *See Sch. Bd. V. L.H.*, 666 F. Supp. 2d 1285, 1288 (M.D. Fla. August 24, 2009)(internal citations omitted). Also, Counter-Plaintiffs'  generalization that "[o]bviously every misrepresentation alleged by the Hoggatts was material in the Hoggatts' decision to invest in the Tox," and their newly raised, factless argument that Counter-Defendants committed fraud as part of some conspiracy to induce the Hoggatts to become franchisees, (neither of which were pleaded), misrepresents their own allegations and attempts to attribute statements made by FFL to The Tox and vice versa. This is improper. *See Prime Time Sports Grill, Inc. v. DTW 1991 Underwriting Ltd.*, 508 F. Supp. 3d 1170, 1174 (M.D. Fla. Dec. 17, 2020) Accordingly, Count I fails.

## IV.   COUNT II HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)

The Response fails to show that Counter-Plaintiffs properly pleaded a claim for aiding and abetting fraud. "While the element of actual knowledge may be alleged generally, the plaintiff

must still accompany that general allegation with allegations of specific facts that give rise to a strong inference of actual knowledge regarding the underlying fraud." *Tood Benjamin Int'l, Ltd. v. Grant Thornton Int'l, Ltd.*, 2023 U.S. Dist. LEXIS 119091 at *15 (S.D. Fla. July 11, 2023) (quoting *Lamm v. State St. Bank & Tr. Co.*, 889 F. Supp 2d 1321, 1332 (S.D. Fla. 2012), *aff'd sub nom. Lamm v. State St. Bank & Tr.*, 749 F.3d 938 (11th Cir. 2014)). "Conclusory statements that a defendant 'actually knew' [are] insufficient to support an aiding and abetting claim where the facts in the complaint only suggest that the defendant 'should have known that something was amiss.'" *Id.* (quoting *Platinum Estates, Inc. v. TD Bank, N.A.*, 2012 U.S. Dist. LEXIS 30684 at *3 (S.D. Fla. Mar. 8, 2012)). Here, the allegation that the FDD allegedly contradicted FFL's alleged statements does not give rise to a strong inference of actual knowledge regarding the alleged underlying fraud. Without more, Counter-Plaintiff's cannot establish that FFL substantially assisted or helped conceal the alleged fraud because they have again failed to show FFL knew the alleged false statements were actually false. Accordingly, Count II fails.

## V.    COUNT III HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)

The implication that Rule 9(b) may not apply to FDUTPA claims is wrong. The 11th Circuit determined that Rule 9(b)'s particularity requirements apply to FDUTPA claims based in fraud, and the test is if the factual allegations underlying the actual claim track the elements of fraud. *See Pop v. LuliFama.com LLC*, 145 F. 4th 1285, 1292-95 (11th Cir. 2025)(citations omitted). Also, the Response fails because they continue to misconstrue and deflect from the arguments raised, and improperly add new theories and allegations that were not asserted.

For example, the following were all raised for the first time in the Response: (a) that the FDUPTA is based on a FTC Act violation; (b) "Counter-Defendants misrepresented that franchisees purchased and operated franchises; (c) that Counter-Defendants did not or could not

provide an independent alterative and reliable report about the franchise; and (d) that Counter-Defendants disseminated financial performance representations without a reasonable basis or written substantiation for the representations." These new assertions cannot be considered because they were not pleaded in the Amended Counterclaims and a memo of law cannot be used to cure this defect. Thus Count III is based on the same commingled list of conclusory "false statements" by The Tox and FFL in their fraud claim. As a result, Rule 9(b) clearly applies to Count III, and this deficiency has not been cured. *Id.* Counter-Plaintiffs are left with the glaring absence of specific or identifiable statements made by The Tox or in some cases, either Counter-Defendant, to support their FDUTPA claim, rendering Count III deficient. *See Id.* at 1295-97. Moreover, the Response ignores the actual arguments raised that none of these "false statements" are unfair or deceptive trade practices or unconscionable acts within FDUTPA.

Next, reliance on *Varnum* is misplaced because the law cited in the Response discussed exceptions to a general rule that an actionable misrepresentation must involve a false statement of a past or existing fact, and not a future promise. *See Varnum v. Nu-Car Carriers, Inc.*, 804 F. 2d 638, 641-42 (11th Cir. 1986). Their arguments fail here because the allegations actually pleaded, and those raised for the first time in the Response to support an alleged violation, have nothing to do with future profits or business success. [*See* D.E. 75 ¶¶ 128-130; D.E. 87, p. 14]. Also fatal is that Counter-Plaintiffs still have not pleaded actual damages, as required. Their newest allegations, that their actual damages stemmed from the Counter-Defendants making certain representations about the quality and characteristics of The Tox Franchise (which have never been specified) and which the Hoggatt's later realized based on personal experience and data (unknown) were never pleaded in the Amended Counterclaim, and cannot be considered. *See Prime Time Sports Grill, Inc. v. DTW 1991 Underwriting Ltd.*, 508 F. Supp. 3d 1174. Finally, reliance on *Hill v. Hoover*

also fails, because, unlike here, that Court found that actual damages were sufficiently pleaded. *See Hill v. Hoover*, 899 F. Supp. 2d 1259, 1264-65 (N.D. Fla. 2012). Contrary to the Response, the Amended Counterclaim fails to even mention actual damages or any actual damages that would satisfy the definition of same.

**VI.    COUNT IV HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)**

Like the rest of the Response, Counter-Plaintiffs misconstrue the arguments raised and the law cited supporting dismissal of their breach of contract claim. *Geter* is inapplicable because the argument there centered around a breach of contract violation with plaintiffs trying to be classified as employees, despite the contract referring to them as independent contractors, which created a contract interpretation issue. *See Geter v. Galardi S. Enters., Inc.*, 43 F. Supp. 3d 1322, 1328 (S.D. Fla. 2014). That is not the case here, and Counter-Plaintiffs' "buzzword" arguments claiming a breach of any number of provisions of the Franchise Agreement, or documents not incorporated therein, is meritless. Again, they fail to plead facts or rely on contract provisions obligating Counter-Plaintiffs not The Tox. They rotely refer to contract provisions and hope that due to sheer volume the Court turns a blind eye to the actual contract terms and this must be rejected. *See Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d at 1366-67. To argue that The Tox breached the Franchise Agreement without identifying or connecting them to its relevant terms that were supposedly breached, based on the allegations here, fails and defies basic Florida contract law. *See Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015)(internal citations omitted); *Brush v. Miami Beach Healthcare Grp. Ltd.*, 238 F. Supp. 3d 1359, 1366-67 (S.D. Fla. February 17, 2017).

Reliance on *Caterpillar* is also misplaced, differs from this case, and actually supports dismissal (again). *See Caterpillar Fin. Servs. Corp v. Venequip Mach Sales Corp.*, 147 F. 4th1341,

7

1348-1350 (11th Cir. 2025). In fact, the Court also approvingly relied on *Young v. Grand Canyon Univ. Inc.*, 57 F.th 861 (11th Cir. 2023), and stated "our decision in *Young* suggest that, if the documents the plaintiff cites or attaches to its complaint do not actually contain the promises the plaintiff alleged were breached . . . dismissal is appropriate." *Caterpillar*, 147 F.4th at 1349.

Here, and unlike *Caterpillar*, the Response ignores that the Amended Counterclaim falls short. Each of the 19-20 provisions of the Franchise Agreement allegedly breached are unsupported by any facts, are expressly contradicted by the Franchise Agreement, or literally fail to impose an obligation on The Tox to perform. The same is true of their other allegations and documents referenced in Paragraph 133, which they contend support a breach of the Franchise Agreement, despite not actually being a part of same. [*See* D.E. 87 at p. 21-22]. Finally, their arguments of a breach of the implied covenant of good faith and fair dealing without a breach of an express term of the Franchise Agreement, which they cannot allege here, defies Florida law. *See Crossroads Fin., LLC v. Alma-Mater Collection, Inc.*, 2020 U.S. Dist. LEXIS 77317, at *11 (S.D. Fla. April 30, 2020). Thus, Count IV fails.

## VII.    COUNT V HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)

Despite Counter-Plaintiffs' arguments, Count V falls short of Rule 9(b)'s requirements, and Counter-Plaintiffs' admission that there is overlap in their allegations is precisely the problem as it asserts guilt by association and prevents Counter-Defendants from identifying the precise alleged misrepresentations made by each Counter-Defendant, which Counter-Plaintiff was supplied misinformation or even what information, and how each Counter-Defendant either knew of the alleged misrepresentations, did not have knowledge of the representations' truth or falsity, or how each Counter-Defendant should have known the alleged misrepresentations were false. [*See* D.E. 87 at p. 10]. Counter-Plaintiffs also misconstrue *Point Blank Sols.*, as that case found

that justifiable reliance was sufficiently pled, not that it could not be analyzed at the motion to dismiss stage. *See Point Blank Sols., Inc. v. Toyobo Am., Inc.N*, 2010 U.S. Dist. LEXIS 117477, at *13-14 (S.D. Fla. 2010). Therefore, Count V fails.

### VIII.    COUNT VI HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)

Counter-Plaintiffs' unjust enrichment claim fails because they have failed to identify which fees they are seeking from which Counter-Defendant, not for failing to identify which entity they seek fees from. Further, the Amended Counterclaim fails to assert joint and several liability for unjust enrichment, and the claim for conspiracy is likewise deficient, rendering joint and several liability inapplicable. Finally, upon a showing that an express contract exists, the unjust enrichment claim fails. *See Martorella v. Deutsche Bank Nat'l Trust Co.*, 931 F. Supp. 2d 1218, 1228 (S.D. Fla. 2013) (citing *Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. Dist. Ct. App. 1998)). Here, since the underlying fraud cannot be established, there is no dispute regarding the validity of the Franchise Agreement. Therefore, Count VI must be dismissed.

### IX.    COUNT VII HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)

The Response points to the same conclusory, general, and vague allegations of conspiracy, which are insufficient. *See Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985). The Response avoids the law and fails to show that the agreement between the Counter-Defendants, or any agreement, was entered to "do an unlawful act or to do a lawful act by unlawful means." The Response relies on the same commingled list of misrepresentations yet fails to show how they were in furtherance of any conspiracy. Lastly, Counter-Plaintiffs do not establish any underlying fraud. Thus, Count VII fails.

### X.    COUNT VIII HAS NOT BEEN ADEQUATLEY PLEADED (AGAIN)

The Response's argument that Rule 9(b) does not apply to Florida Franchise Act claims

defies Florida law. *See Prestige Ins. Grp. V. Allstate Ins. Co.*, 2022 U.S. Dist. Lexis 67682, \*8-9 (S.D. Fla. 2022). Counter-Plaintiffs' also concede that they only alleged intent "generally." But this is sufficient because "the plaintiff must [still] provide some factual basis for conclusory allegations of intent," which they failed to do here. *See Colonial Penn Ins. Co. v. Value Rent-A-Car, Inc.*, 814 F. Supp. 108, 1091 (S.D. Fla. 1992). Contrary to the Response, The Tox did not "ignore" the conclusory recitation of the Florida Franchise Act in Count VIII, but argued that each claim failed because all allegations of intent, whether general or not, are contradicted by their own allegations and the FDD, which is central to their claim, or that the claims are devoid of any facts supporting an statutory violation. In fact, Paragraphs 19-27 of the Amended Counterclaim are not even statements made by The Tox, and Paragraphs 33-36 do not discuss The Tox intentionally failing to disclose efforts to sell or establish more franchises or distributorships than is reasonable to expect for the franchise to sustain. [*See* D.E. 87, ¶¶19-27; 33-36]. Thus, Count VIII fails.

## XI.    COUNT IX HAS NOT BEEN ADEQUATLEY PLEADED

Despite similarities, Count IX attempts to plead tortious interference with a contract, **NOT** tortious interference with a business relationship, and Counter-Plaintiffs argument that they do not need to prove a breach of the contract, an essential element, defies logic. [*See* D.E. 75, Count IX]; *see Benessere Inv. Grp., LLC v. Swider*, 2024 U.S. Dist. LEXIS 198469, at \*27 (S.D. Fla. 2024)(to establish "tortious interference with a contract, a plaintiff must demonstrate there was a breach of contract.")(*quoting Novell v. Bank of Am. Corp.*, 2014 U.S. Dist. LEXIS 180717, at \*11 (S.D. Fla. 2014)). Thus, an "ongoing dispute" between GenX and its landlord, a "purported" breach, and their admission that The Tox is not a party to the contract "if it is breached" demonstrate that there is no breach to sufficiently plead this claim. [*See* D.E. 87 at p. 26-27]. Nor does the Response address that they must allege in detail intent by the Tox to induce a breach, which they have not

done; the contract explicitly states  that GenX's obligation under the lease is not conditioned upon their status as a Franchisee; and there are no facts pled that The Tox prevented GenX from complying with the lease. *See Chicago Title Ins. Co. v. Alday-Donalson Title Co. of Fla. Inc.*, 832 So. 2d 810, 814 (Fla. 2d DCA 2002); [D.E. 78, p. 27 n.4]. Finally, reliance on *Babson* is misplaced, mischaracterizes the law, is factually inapplicable here, and does not negate the financial and supervisory interest The Tox has over the lease to be held liable. *See Babson Bros, Co. v. Allison*, 337 So. 2d 848, 850-51 (Fla. 1st DCA 1976). Thus, Count IX fails.

## XII.     COUNT X HAS NOT BEEN ADEQUATLEY PLEADED

The Response's "new" theory for indemnity applies to third-party complaints for common law indemnity, which is inapplicable here. *See Evanston Ins. Co. V. Premium Assignment Corp.*, 2012 U.S. Dist. LEXIS 156717, at *13-14 (M.D. Fla. 2012)(*citing Rabon v. Automatic Fasteners, Inc.*, 672 F. 2d 1231, 1235 (5th Cir. 1982). Their "dispute" is not ripe, there is no action pending, and no basis for indemnity. The "Florida law" that *Rabon* applies is *Houdaille Industries, Inc. v. Edwards*, 374 So. 2d 490 (Fla. 1979), the same law applied by the authorities in the Motion to Dismiss, and supports the same elements for indemnification recognized by this Court that Counter-Plaintiffs ignored in the Response and failed to satisfy here. *See Rabon v. Automatic Fasteners, Inc.*, 672 F. 2d at 1234-1235; *see also Technolojoy, LLC v. BHPH Consulting Servs., LLC*, 2022 U.S. Dist. LEXIS 41262, at *34 (S.D. Fla. March 8, 2022)(*citing Florida Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am.*, 763 So. 2d 429, 435 (Fla. 5th DCA 2000)). The Response ignores that they are not wholly without fault and attempts to impose a "duty of good faith" which was never pled, nor was any special duty, duty, or breach of same pled, and Count X merely tries to recoup expenses incurred in a "dispute" they have with a non-party over the lease, which again is not conditioned upon their status as a Franchisee, and is improper. Thus, Count X fails.

11

**BOYD RICHARDS PARKER & COLONNELLI, P.L.**
1555 Palm Beach Lakes Blvd, Suite 550
West Palm Beach, Florida 33408
Tel.: (786) 425-1045
Fax: (786) 425-3905
For Service of Pleadings:
ServiceMia@boydlawgroup.com

By: /s/ *Bryan J. Mazzola*

    **BRYAN J. MAZZOLA, ESQ.**
    Florida Bar No. 1021407
    bmazzola@boydlawgroup.com
    mpereira@boydlawgroup.com
    **MATTHEW D. WOLF, ESQ.**
    Florida Bar No. 1015588
    mwolf@boydlawgroup.com
    calvarez@boydlawgroup.com
    *Counsel for Counter-Defendant, The Tox*
    *Franchising Group, LLC*

And

    /s/ *Andrew Dymowski*

    Andrew Dymowski, Esq.
    Florida Bar No.: 1058209
    Capri Trigo, Esq.
    Florida Bar No.: 28564
    GORDON REES SCULLY MANSUKHANI
    100 S.E. Second Street, Suite 3900
    Miami, Florida 33131
    Emails: ctrigo@grsm.com; ddymowski@grsm.com;
    jzmartinez@grsm.com
    Mia_eservice@gordonrees.com
    *Counsel for Counter-Defendant, Franchise*
    *Fastlane, LLC*

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on March 20, 2026, I electronically filed the foregoing with

the Clerk of Court via the CM/ECF system  and, a true and correct copy of the foregoing was also

served via e-mail on all parties on the Service List below.

By: */s/ Bryan J. Mazzola*

BRYAN J. MAZZOLA, ESQ.

## SERVICE LIST

MARKS GRAY, P.A.
**Crystal T. Broughan, Esq.**
(FL Bar No. 863343)
**Logan K. McEwen**
(FL Bar No. 98683)
P.O. Box 447
Jacksonville, FL 32201
Tel: 904-398-9000
Email: cbroughan@marksgray.com

RILEY & JACOBSON, PLC
**Stuart A. Burkhalter, Esq.**
(TN Bar No. 29078)
*Admitted Pro Hac Vice*
1906 West End Avenue
Nashville, TN 37203
Tel: 615-320-3700
Email: sburkhalter@rjfirm.com

*Counsel for Defendants/Counter-Plaintiffs*

Matthew Margolis
700 Rosemary Avenue, 204
West Palm Beach, FL 33401
Email: matthew@margolispllc.com

Evan M. Goldman
Thomas D. Emmons
225 Wilmington West Chester Pike, Suite 200
Chadds Ford, PA 19317
Email: evan@thefranchisefirm.com

13